Howard & Howard Attorneys PC
Robert L. Rosenthal, Bar No. 6476
Glenn Wichinsky, Bar No. 891
James A. Kohl, Bar No. 5692
Shelley L. Lanzkowsky, Bar No. 9096
3800 Howard Hughes Parkway, Suite 1400
Las Vegas, Nevada 89169
Telephone:    (702) 257-1483
Facsimile:    (702) 567.1568
Rrosenthal@howardandhoward.com

*Attorneys for Cycalona Gowen*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CYCALONA GOWEN,<br><br>Plaintiff,<br><br>v.<br><br>TILTWARE LLC, FULL TILT POKER, POCKET KINGS LTD., KOLYMA CORPORATION, RAYMOND BITAR, an individual, HOWARD LEDERER, an individual, ANDREW BLOCH, an individual, PHILLIP IVEY, an individual, CHRISTOPHER FERGUSON, an individual, JOHN JUANDA, an individual, PHILLIP GORDON, an individual, ERICK LINDGREN, an individual, ERIK SEIDEL, an individual, JENNIFER HARMAN-TRANIELLO, an individual, MICHAEL MATUSOW, an individual, ALLEN CUNNINGHAM, an individual, GUS HANSEN, an individual, AND PATRICK ANTONIOUS, an individual,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT**<br>2. **BREACH OF FIDUCIARY DUTY**<br>3. **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br>4. **UNJUST ENRICHMENT**<br>5. **FRAUD** |

/ / /

/ / /

1

#448010

# COMPLAINT

Plaintiff Cycalona Gowen ("Gowen") complains of Defendants, TILTWARE LLC ("Tiltware"), FULL TILT POKER ("FTP"), POCKET KINGS LTD. ("Pocket Kings"), KOLYMA CORPORATION ("Kolyma"), RAYMOND BITAR ("Bitar"), HOWARD LEDERER ("Lederer"), ANDREW BLOCH ("Bloch"), PHILLIP IVEY ("Ivey"), CHRISTOPHER FERGUSON ("Ferguson"), JOHN JUANDA ("Juanda"), PHILLIP GORDON ("Gordon"), ERICK LINDGREN ("Lindgren"), ERIK SEIDEL ("Seidel"), JENNIFER HARMAN-TRANIELLO ("Harman"), MICHAEL MATUSOW ("Matusow"), ALLEN CUNNINGHAM ("Cunningham"), GUS HANSEN ("Hansen"), and PATRICK ANTONIOUS ("Antonious") (collectively, "Defendants") and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction exists under 28 USC §1332, based upon the diversity of the parties.

2. Plaintiff is a citizen of the State of Texas.

3. Defendant Tiltware is a limited liability company organized and existing pursuant to the laws of the State of California, with its principal place of business located at 10866 Wilshire Blvd. 4th Floor, Los Angeles, CA 90024 in the State of California, with its managers/members listed as Bitar and Lederer. Because diversity is determined in a limited liability company based upon the citizenship of its members and Plaintiff is informed and believes and thereupon alleges that Bitar is a citizen of the State of California, and Lederer is a citizen of the State of Nevada, the parties are diverse.

4. Plaintiff is informed and believes and thereupon alleges that Defendant FTP is an alien/foreign corporation organized and existing pursuant to the laws of the nation of Aruba, with its principal business located in the Republic of Ireland.

#448010

5.  Plaintiff is informed and believes and thereupon alleges that Defendant Kolyma Corporation is an alien/foreign corporation organized and existing pursuant to the laws of the nation of Aruba, with its principal business located at 62 Lloyd G. Smith Blvd., Oranjestad, Aruba.

6.  Plaintiff is informed and believes and thereupon alleges that Defendant Pocket Kings, is an alien/foreign corporation organized and existing pursuant to the laws of the Republic of Ireland, with its principal business located at 3rd Floor, Block AD Cherrywood Science and Technology Park, Dublin 18, Ireland.

7.  Plaintiff is informed and believes and thereupon alleges that Defendant Bitar is a citizen of the State of California.

8.  Plaintiff is informed and believes and thereupon alleges that Defendant Lederer is a citizen of the State of Nevada.

9.  Plaintiff is informed and believes and thereupon alleges that Defendant Bloch is a citizen of the State of Nevada.

10. Plaintiff is informed and believes and thereupon alleges that Defendant Ivey is a citizen of the State of Nevada.

11. Plaintiff is informed and believes and thereupon alleges that Defendant Ferguson is a citizen of the State of Nevada.

12. Plaintiff is informed and believes and thereupon alleges that Defendant Juanda is a citizen of the State of Nevada.

13. Plaintiff is informed and believes and thereupon alleges that Defendant Gordon is a citizen of the State of Nevada.

Howard & Howard, Attorneys PC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

#448010

14. Plaintiff is informed and believes and thereupon alleges that Defendant Lindgren is a citizen of the State of Nevada.

15. Plaintiff is informed and believes and thereupon alleges that Defendant Seidel is a citizen of the State of Nevada.

16. Plaintiff is informed and believes and thereupon alleges that Defendant Harman is a citizen of the State of Nevada.

17. Plaintiff is informed and believes and thereupon alleges that Defendant Matusow is a citizen of the State of Nevada.

18. Plaintiff is informed and believes and thereupon alleges that Defendant Cunningham is a citizen of the State of Nevada.

19. Plaintiff is informed and believes and thereupon alleges that Defendant Hansen is a citizen of the Republic of Denmark.

20. Plaintiff is informed and believes and thereupon alleges that Defendant Antonious is a citizen of the Republic of Denmark.

21. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

22. Plaintiff is informed and believes and thereupon alleges that a majority of the Defendants reside in this judicial district.

23. Plaintiff is informed and believes and thereupon alleges that at all relevant times, Defendants have had systematic and continuous contacts within the State of Nevada, as they repeatedly and purposefully availed themselves to the benefits of the forum by making, using, and designing software utilized by Nevada residents, and by conducting and participating in poker events in this judicial district.

#448010

24. Plaintiff is informed and believes and thereupon alleges that at all relevant times, Defendants' contacts within the State of Nevada directly relate to Plaintiff's causes of action against Defendants, including but not limited to Plaintiff's cause of action for fraud.

25. Plaintiff is informed and believes and thereupon alleges that at all relevant times, Defendants have had systematic and continuous contacts within the State of Nevada by, among other things, doing business via www.fulltiltpoker.com and www.fulltiltpoker.net.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

26. Plaintiff, a professional poker player and television celebrity, is a 1% shareholder in Tiltware, FTP, Pocket Kings, Kolyma, and any and all of their parent companies, subsidiaries, unincorporated divisions, and affiliated corporations, (collectively, the "Companies" or the "FTP Brand").

27. On September 2, 2003, Tiltware was incorporated as a limited liability company in the State of California with Bitar listed as the resident agent, and manager/member, and Lederer as manager/member.

28. Tiltware is a software and licensing company, which develops and provides exclusive software, development, and consulting services to FTP.

29. FTP is a virtual online poker card room with the following web addresses: www.fulltiltpoker.com and www.fulltiltpoker.net.

30. Plaintiff is informed and believes and thereupon alleges that Defendant Pocket Kings was formed in 2007 as a subsidiary of Tiltware. Pocket Kings provides the same services to FTP as Tiltware, and it is owned and operated by Defendants.

31. Plaintiff is informed and believes and thereupon alleges that Defendant Kolyma is the parent company of Tiltware and/or FTP and/or Pocket Kings.

#448010

32. Plaintiff is informed and believes and thereupon alleges that the Companies and the individual Defendants are closely affiliated based upon Tiltware's and/or Pocket Kings and/or Kolyma's exclusive arrangement with FTP to provide FTP with software, development and consulting services, and based upon each of the individual Defendant's status as an officer and/or director and/or shareholder of the Companies.

33. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned Defendant Bitar was the Chief Executive Officer and Chief Financial Officer of the Companies, and is a director and shareholder/member of the Companies

34. Plaintiff is informed and believes and thereupon alleges that Defendant Lederer is a professional poker player, and at all times herein mentioned, was an officer, director, and shareholder/member of the Companies.

35. Plaintiff is informed and believes and thereupon alleges that Defendant Bloch is a professional poker player, and at all times herein mentioned, was a director and shareholder/member of the Companies.

36. Plaintiff is informed and believes and thereupon alleges that Defendant Ivey is a professional poker player, and at all times herein mentioned, was a director and shareholder/member of the Companies.

37. Plaintiff is informed and believes and thereupon alleges that Defendant Ferguson, is a professional poker player, and at all times herein mentioned, was the Chairman of the Board of Directors of the Companies, as well as a shareholder/member of the Companies.

#448010

38. Plaintiff is informed and believes and thereupon alleges that Defendant Juanda is a professional poker player, and at all times herein mentioned, was a director and shareholder/member of the Companies.

39. Plaintiff is informed and believes and thereupon alleges that Defendant Gordon is a professional poker player, and at all times herein mentioned, was a director and shareholder/member of the Companies.

40. Plaintiff is informed and believes and thereupon alleges that Defendant Lindgren, is a professional poker player, and at all times herein mentioned, was a director and shareholder/member of the Companies.

41. Plaintiff is informed and believes and thereupon alleges that Defendant Seidel is a professional poker player, and at all times herein mentioned, was a director and shareholder/member of the Companies.

42. Plaintiff is informed and believes and thereupon alleges that Defendant Harman is a professional poker player, and at all times herein mentioned, was a director and shareholder/member of the Companies.

43. Plaintiff is informed and believes and thereupon alleges that Defendant Matusow is a professional poker player, and at all times herein mentioned, was a director and shareholder/member of the Companies.

44. Plaintiff is informed and believes and thereupon alleges that Defendant Cunningham is a professional poker player, and at all times herein mentioned, was a director and shareholder/member of the Companies.

Howard & Howard, Attorneys PC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

#448010

45. Plaintiff is informed and believes and thereupon alleges that Defendant Hansen is a professional poker player, and at all times herein mentioned, was a director and shareholder/member of the Companies.

46. Plaintiff is informed and believes and thereupon alleges that Defendant Antonious is a professional poker player, and at all times herein mentioned, was a director and shareholder/member of the Companies.

47. Plaintiff is informed and believes and thereupon alleges that FTP, Tiltware, Pocket Kings, and Kolyma are all related entities that share a common purpose and design, which is promoting, developing, maintaining, and increasing the value of the FTP Brand.

48. Plaintiff is informed and believes and thereupon alleges that FTP, Tiltware, Pocket Kings, and Kolyma are all owned by the same individual Defendants and/or the Companies.

49. When Plaintiff agreed to become a 1% owner in FTP and Tiltware, it necessarily included any other after-formed entities, including but not limited to, Pocket Kings and Kolyma, both of which fall under the FTP Brand.

50. Plaintiff is informed and believes and thereupon alleges that at all times mentioned in this Complaint, Defendants were the agents and employees of their codefendants, and in doing the things alleged in this Complaint and were acting within the course and scope of that agency and employment.

51. In the alternative, if Pocket Kings and Kolyma do not fall under the FTP/Tiltware umbrella, Plaintiff was wrongfully denied the corporate opportunity of investing in Pocket Kings and Kolyma.

#448010

52. Plaintiff is informed and believes and thereupon alleges that when Tiltware was initially formed, Bitar, Bloch, Lederer, and Ferguson were the majority shareholders/members.

53. Plaintiff is informed and believes and thereupon alleges that in early 2004, Bitar, Bloch, Lederer, and Ferguson commenced the operations of FTP.

54. Shortly before FTP commenced its operations, FTP entered into an exclusive agreement with Tiltware, wherein Tiltware provided software, development and consulting services to FTP in order for FTP to run its virtual online poker card room.

55. Shortly after FTP commenced its operations, Ivey and Gordon also became shareholders/members in Tiltware and FTP.

56. Plaintiff is informed and believes and thereupon alleges that Tiltware and FTP's shareholders/members agreed to use their professional poker player status to promote FTP in exchange for shares and/or ownership interests in the company.

57. Because Plaintiff was a well-known professional poker player, in April 2004, Bitar offered Plaintiff a 1% ownership interest in FTP and Tiltware in exchange for Plaintiff to become a celebrity representative for FTP ("Agreement").

58. Plaintiff accepted Bitar's offer to become a 1% owner of Tiltware and FTP, and became part of what FTP called "Team Full Tilt" which consisted of Defendants Lederer, Bloch, Ivey, Ferguson, Juanda, Gordon, Lindgren, and Seidel, who all had ownership interests in Tiltware and FTP.

59. Based upon Plaintiff's Agreement to be a celebrity representative for the FTP Brand in exchange for a 1% ownership interest in the Companies, from 2004 until the present, Plaintiff has competed in various poker tournaments around the world holding herself out to be part of "Team Full Tilt."

#448010

60. From 2004 until the present, Plaintiff has been listed on FTP's websites as a member of "Team Full Tilt."

61. From 2004 until the present, all of the individual Defendants, with the exception of Bitar, have been listed on FTP's websites as members of "Team Full Tilt."

62. From 2004 until the present, all members of "Team Full Tilt" have had an ownership interest in the Companies.

63. Based upon Plaintiff's Agreement with the Companies, from 2004 until the present, Plaintiff has worn FTP merchandise at all events, for no compensation, in exchange for a 1% ownership interest in the Companies.

64. Based upon Plaintiff's Agreement with the Companies, from 2004 until the present, Plaintiff permitted FTP to customize her website to reflect that she was part of "Team Full Tilt" (www.cloniegowen.com), and provided links directly to FTP's website, for no compensation, in exchange for a 1% ownership interest in the Companies.

65. Based upon Plaintiff's Agreement with the Companies, from 2004 until the present, Plaintiff has not been paid any winnings at all but one FTP sponsored poker events, in exchange for a 1% ownership interest in the Companies.

66. Based upon Plaintiff's Agreement with the Companies, from 2004 until the present, Plaintiff has not been paid a fee to compete in any of the poker events she participated in on behalf of FTP, in exchange for a 1% ownership interest in the Companies.

67. Based upon Plaintiff's Agreement with the Companies, from 2004 until the present, Plaintiff was featured on more than 500 pages at various websites as part of the "Team Full Tilt," for no compensation, in exchange for a 1% ownership interest in the Companies.

Howard & Howard, Attorneys PC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

#448010

68. Based upon Plaintiff's Agreement with Tiltware/FTP, from 2004 until the present, Plaintiff was featured on billboards and magazines as part of the "Team Full Tilt", for no compensation, and in exchange for a 1% ownership interest in the Companies.

69. Based upon Plaintiff's Agreement with the Companies, from 2004 until the present, Plaintiff agreed not to pursue any other outside opportunities during the period of the parties' Agreement, in exchange for a 1% ownership interest in the Companies.

70. Plaintiff is informed and believes and thereupon alleges that in May 2007, all "Team Full Tilt" members except Plaintiff began regularly receiving distribution checks from the Companies.

71. Once Plaintiff became aware that all other "Team Full Tilt" members were receiving distributions due to their ownership interests in the Companies, Plaintiff began demanding her distributions; however, Defendants refused to pay Plaintiff her portion of the player pool, and/or provide Plaintiff with her distributions.

72. On November 6, 2007, Lederer offered to pay Plaintiff approximately $250,000 for her "past performance" on behalf of the company. Plaintiff did not accept Lederer's offer, as it was only a fraction of what was owed to Plaintiff.

73. Plaintiff is informed and believes and thereupon alleges that the Companies' estimated value is in excess of $4,000,000,000.

74. Despite Defendants' refusal to issue Plaintiff her distributions, Plaintiff continued to participate in FTP poker tournaments, wear FTP paraphernalia in public, and promote the FTP Brand.

#448010

75. On November 11, 2008, Defendants informed Plaintiff that they would be releasing a press statement informing the public that Plaintiff was no longer a "Team Full Tilt" member.

76. Defendants have not given Plaintiff any reason why she has not received distributions while all other "Team Full Tilt" members have received regular distributions.

77. It has become necessary for Plaintiff to retain the services of attorneys to prosecute this action; therefore, Plaintiff should be awarded attorney's fees and costs of suit which are incurred as a result of this litigation.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(AGAINST ALL DEFENDANTS)**

78. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 77.

79. In April 2004, the parties entered into the Agreement, wherein Plaintiff was given a 1% ownership interest in the Companies in exchange for Plaintiff for representing the FTP Brand as a celebrity poker player.

80. Defendants breached the Agreement with Plaintiff by failing and refusing to perform in good faith their promise to pay Plaintiff for work performed.

81. Between the date of the Agreement and breach by Defendants, Plaintiff performed all of the conditions, covenants, and promises under the Agreement.

82. Plaintiff has made demand upon Defendants to pay all monies due and owing; but Defendants have refused without just cause or right.

83. As a result of the breach by Defendants of their obligations pursuant to the Agreement, Plaintiff has suffered damages for a sum no less than $40,000,000, or the

#448010

equivalent of 1% of the value of the Companies, whichever is greater, plus pre-judgment interest.

## SECOND CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY
## (AGAINST ALL INDIVDUAL DEFENDANTS –
## MINORITY OPPRESSION ACTION)

84. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 83.

85. The individual Defendants are in control of the affairs of the Companies and their subsidiaries, and together hold a majority of the stock/ownership interests in the Companies.

86. Majority shareholders/members of a privately held corporation owe the fiduciary duties of good faith, fair dealing, loyalty and full disclosure to minority shareholders/members.

87. The individual Defendants have effectively shut Plaintiff out of participating in the affairs of the Companies, and have deprived Plaintiff of all the benefits of being a 1% shareholder/member in the Companies which Plaintiff helped to build and establish.

    a. The individual Defendants, as the majority shareholders/members of the Companies, have breached each of the fiduciary duties owed to Plaintiff as a minority shareholder/member of the Companies by, among other things:

    b. Not abiding by the Agreement;

    c. Failing to pay Plaintiff any distributions, despite her status as a 1% shareholder/member;

    d. Paying themselves distributions, while paying Plaintiff nothing;

    e. Failing to advise Plaintiff regarding the financial status of the Companies;

13

#448010

  f. Failing to advise Plaintiff regarding the day-to-day operations of the Companies;

  g. Failing to hold shareholder/member meetings;

  h. Failing to comply with corporate formalities;

  i. Freezing Plaintiff out of the affairs of the Companies;

  j. Inviting all "Team Full Tilt" members except Plaintiff to various FTP events;

  k. Failing to permit Plaintiff to vote on the Companies' affairs;

  l. Utilizing Plaintiff's celebrity status to promote the FTP Brand without holding up their end of the bargain; and

88. Attempting to ostracize and isolate Plaintiff.

89. As the majority shareholders/members, the individual Defendants' have violated their fiduciary duties to Plaintiff by using their status to effectively squeeze out Plaintiff as a minority shareholder, to economically harm Plaintiff, and to benefit themselves.

90. Plaintiff has sustained damages for a sum no less than $40,000,000, or the equivalent of 1% of the value of the Companies, whichever is greater, due to the individual Defendants' breach.

91. As a result of the individual Defendants' acts and omissions, it has been necessary for Plaintiff to retain the services of attorneys to prosecute this action; therefore, Plaintiff should be awarded attorney's fees and costs of suit which are incurred as a result of this litigation.

92. The individual Defendants' numerous breaches of their fiduciary duties as the majority shareholders/members was intentional, malicious, and oppressive, and justifies an award of punitive damages to be determined at trial.

Howard & Howard, Attorneys PC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

#448010

### THIRD CAUSE OF ACTION
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
### (AGAINST ALL DEFENDANTS)

93. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 92.

94. All contracts contain an implied covenant of good faith and fair dealing.

95. Defendants had a duty to Plaintiff to adhere to and fulfill the terms of the Agreement.

96. Defendants owed Plaintiff a duty of good faith and fair dealing which obligated Defendants to perform their obligations under the Agreement and refrain from performing any acts which would be detrimental to Plaintiff.

97. Defendants breached their duty of good faith and fair dealing by breaching the terms and conditions of the Agreement.

98. Plaintiff is entitled to punitive damages to be determined at trial.

99. Plaintiff has sustained damages for a sum no less than $40,000,000, or the equivalent of 1% of the value of the Companies, whichever is greater, due to the individual Defendants' breach.

### FOURTH CAUSE OF ACTION
### UNJUST ENRICHMENT
### (AGAINST ALL DEFENDANTS)

100. Plaintiff re-alleges and incorporates by reference each of the allegations contained in paragraphs 1 through 99.

101. The parties entered into an Agreement to pay Plaintiff a 1% ownership interest the Companies in exchange for Plaintiff to represent the FTP Brand as a celebrity professional poker player.

#448010

102. Plaintiff performed the work required under the Agreement.

103. Defendants did not pay Plaintiff as agreed.

104. Defendants have been unjustly enriched at Plaintiff's expense by, among other things,

   a. Paying salaries to themselves but not Plaintiff;

   b. Paying distributions to all shareholders/members except Plaintiff; and

   c. Utilizing Plaintiff's celebrity status to promote the FTP Brand without holding up their end of the bargain.

105. Therefore, Defendants have been unjustly enriched at the expense of Plaintiff and it would be inequitable to permit Defendants to retain benefits received from Plaintiff's services to the Companies, and Plaintiff is entitled to the amount of Defendants' unjust enrichment, the amount to be proved at trial.

## FIFTH CAUSE OF ACTION
## FRAUD-INTENTIONAL MISREPRESENTATION
## (AGAINST ALL DEFENDANTS)

106. Plaintiff realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 105.

107. Commencing in 2004 and to date, Defendants through their action and representations lead Plaintiff to believe they were dealing with Plaintiff in good faith, and in compliance with the terms and conditions of Plaintiff's Agreement.

108. In April 2004, Bitar contacted Plaintiff at her home in Texas and offered Plaintiff a 1% ownership interest in the Companies in exchange for her to represent the FTP Brand.

#448010

109. Bitar told Plaintiff that he wanted her to play in the upcoming World Series of Poker tournament and represent FTP.

110. Bitar told Plaintiff he wanted her to be the FTP female pro.

111. During Bitar and Plaintiff's April 2004 conversation, Plaintiff asked Bitar to prepare a contract memorializing their Agreement regarding Plaintiff's 1% ownership interest in the Companies.

112. Bitar told Plaintiff he would memorialize Plaintiff's ownership interest when she arrived for the World Poker Tour event.

113. Approximately one month later in May 2004, Plaintiff attended a meeting in Las Vegas, Nevada at the Golden Nugget Hotel and Casino in Ivey's suite. The majority of "Team Full Tilt" members were in attendance.

114. Lederer conducted the meeting. Lederer informed the group that their ownership interests were not only in FTP, but were also in Tiltware, and that Tiltware was exclusively providing software to FTP, and Tiltware would charge FTP a high leasing fee.

115. Based upon Defendants' representations to Plaintiff, Plaintiff continued to hold herself out to be 1% owner of the Companies and a member of "Team Full Tilt", and from 2004 until the present, Plaintiff has worn FTP merchandise at all events, for no compensation, in exchange for a 1% ownership interest in the Companies.

116. Plaintiff permitted FTP to customize her website to reflect that she was part of "Team Full Tilt" (www.cloniegowen.com).

117. Plaintiff provided links directly to FTP's website, for no compensation, in exchange for a 1% ownership interest in the Companies.

Howard & Howard, Attorneys PC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

#448010

118. Plaintiff has not been paid a fee to compete in any of the poker events she participated in on behalf of FTP, in exchange for a 1% ownership interest in the Companies.

119. Plaintiff is/was/has been featured on more than 500 pages on various websites as part of the "Team Full Tilt," for no compensation, but in exchange for a 1% ownership interest in the Companies.

120. Plaintiff is/was/has been featured on billboards and magazines as part of the "Team Full Tilt", for no compensation, but in exchange for a 1% ownership interest in the Companies.

121. Plaintiff agreed not to pursue any other outside opportunities during the period of the parties' Agreement, in exchange for a 1% ownership interest in the Companies.

122. Plaintiff is informed and believes and thereupon alleges that none of "Team Full Tilt's" members, all who have ownership interests in the Companies, have written contracts with the Companies.

123. The statements set forth in paragraphs 107 through 114 were false and were known by Defendants to be false because Defendants had no intention of giving Plaintiff a 1% ownership interest in the Companies as agreed upon in 2004.

124. Defendants intentionally misled Plaintiff into believing that the work Plaintiff performed on behalf of the Companies was in exchange for said 1% ownership interest, thereby damaging Plaintiff, and benefiting Defendants.

125. Plaintiff did not become aware of Defendants' intentional misrepresentations as described in paragraphs 107 through 114, until in, on, or about May 2007, when "Team Full Tilt's" members, except for Plaintiff began receiving distributions from the Companies based upon their ownership interests in the Companies.

#448010

126. Plaintiff relied upon the statements described in paragraph 107 through 114, which were material, in that had Plaintiff known of their deceit and misrepresentations, Plaintiff would not have conducted business with Defendants.

127. Plaintiff justifiably relied on Defendants' representations and was unaware of their falsity at the time they were made.

128. The actions by Defendants were malicious, fraudulent, and oppressive for which Plaintiff is entitled to the recovery of exemplary and punitive damages, and for a sum of less than $40,000,000.

129. As a result of Defendants' acts and omissions, it has been necessary for Plaintiff to retain the services of attorneys to prosecute this action; therefore, Plaintiff should be awarded attorney's fees and costs of suit which are incurred as a result of this litigation.

WHEREFORE, Plaintiff prays for relief as follows:

1. For damages against Defendants, plus costs and interest thereon in an amount to be determined a trial;

2. For punitive damages against Defendants, plus costs and interest thereon in an amount to be determined at trial;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

#448010

3.   For an award of reasonable attorney's fees against Defendants incurred in connection with the prosecution of this action;

4.   For costs of the suit incurred herein; and

5.   For such other and further relief as the Court deems just and proper.

Dated: __11/14__, 2008

Howard & Howard Attorneys PC

By: _____
Robert L. Rosenthal
Glenn E. Wichinsky
James A. Kohl
Shelley Lanzkowsky
3800 Howard Hughes Parkway, Suite 1400
Las Vegas, Nevada 89169
Attorneys for Cycalona Gowen

Howard & Howard, Attorneys PC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

20

#448010