# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CYCALONA GOWEN, | ) |
| Plaintiff, | ) |
| vs. | ) 2:08-cv-01581-RCJ-RJJ |
| TILTWARE LLC et al., | ) |
| | ) **ORDER** |
| Defendants. | ) |

The present case arises out of an alleged oral agreement between Plaintiff Cycalona Gowen and Defendant Tiltware LLC, its affiliates, and alleged shareholders or officers. Gowen claims she kept her end of the bargain, but Defendants did not. Gowen claims $40 million in damages. Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (#142). Responses were due December 8, 2009. Plaintiff filed an improper and untimely Response (#144) on December 22, 2009. The Response (#144) is thirty-nine (39) pages long, which is nine (9) pages in excess of the length permitted for a response. L.R. 7-4. Plaintiff "apologizes" for the untimeliness; perhaps there is a reasonable excuse, but Plaintiff does not offer one. (*See* #144 at 2:22–23). Defendants have filed an untimely Reply (#145). For the reasons given herein, the Court grants Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (#142).

**I.    FACTS AND PROCEDURAL HISTORY**

On May 19, 2009, the Court issued an order ("the Order") granting Defendants' Motion to Dismiss the First Amended Complaint, with leave to amend in part. (*See* #105). First, the Court

dismissed the breach of contract claim against the individual members of Team Full Tilt with prejudice, but granted Plaintiff leave to amend as to Tiltware. (*Id.* at 11:3–4). Specifically, the Court ordered Plaintiff to "allege the terms of the Agreement with more specificity. . . . what actions she was required to perform . . . the nature of the 1% ownership interest . . . in which exact companies she would have a 1% ownership interest, whether the 1% ownership interest reached other entities that were to be formed at a future date, or how and when Tiltware would be required to pay her . . . ." (*Id.* at 6:13–18). During the hearing, the Court noted that Plaintiff would be required to allege "manner of performance, length of time." (#103, Mot. to Dismiss Hr'g, at 10:45 a.m., Apr. 27, 2009). Rejecting the alter-ego theory put forth by Plaintiff, the Court denied leave to amend the breach of contract complaint against the "other Tiltware Defendants." (*Id.* at 9:19–20). The "other Tiltware Defendants" against whom leave to amend was denied were Full Tilt Poker ("FTP"), Tiltware's alleged affiliated entities, and the individual members of Team Full Tilt (*Id.* at 3:11–13). The "alleged affiliated entities" have also been referred to as "the Companies," including Pocket Kings, Consulting, Kolyma, and Tiltproof. (*Id.* at 2:17–18). In summary, Plaintiff was given leave to amend the breach of contract complaint only against Tiltware, Bitar, and Lederer. The Court withheld judgment on the statute of frauds defense to the Agreement because Plaintiff had not pled her case sufficiently for the Court to reach a conclusion on that issue (or on the issues of estoppel, part performance, or full performance). (*Id.* at 10:18–11:2).

Second, the Court dismissed the claim for breach of fiduciary duty with prejudice because the FAC and opposition to the motion to dismiss advanced no plausible theory of such a duty. (*Id.* at 12:12–17). Third, the Court dismissed the claim for a breach of the covenant of good faith and fair dealing, with leave to amend only against Tiltware. (*Id.* at 13:8–12). This included leave to amend against Bitar and Lederer, because this cause of action was based on the actions surrounding the breach of contract claim, for which leave to amend was granted with respect to Tiltware, Bitar, and Lederer, the latter two being agents of the former. Fourth, the Court dismissed the causes of

action for both fraud (intentional misrepresentation) and negligent misrepresentation, with leave to amend against Bitar and Lederer only. (*Id.* at 15:20–23). Fifth, the Court dismissed the claim for an accounting against all defendants except Tiltware. (*Id.* at 16:14–16). Sixth, the Court dismissed the claim for promissory estoppel with leave to amend against Tiltware, Bitar, and Lederer, for the same reasons the Court dismissed the breach of contract claims: lack of specificity as to the alleged terms of the Agreement. (*Id.* at 17:3–5, 9–12). Seventh, the Court dismissed the claim for specific performance, with leave to amend against Tiltware only. (*Id.* at 18:11–13). Eighth, the Court dismissed the claim for declaratory relief without leave to amend. (*Id.* at 19:15–16). Ninth, the Court dismissed the claim for violation of the right of publicity without leave to amend. (*Id.* at 20:4–5). Tenth, and finally, the Court dismissed the causes of action for unjust enrichment and quantum meruit with leave to amend against Tiltware. (*Id.* at 21:8–10).

Plaintiff filed a Second Amended Complaint ("SAC") (#108), which the Court dismissed on October 14, 2009, giving Plaintiff leave to amend "a third and final time." (#138). Plaintiff filed a Third Amended Complaint ("TAC") (#140). Defendant has filed a Motion to Dismiss Plaintiff's Third Amended Complaint (#142), arguing that the TAC fails to address the deficiencies in the SAC. (#142). Plaintiff untimely responded.

**II.    RULE 12(b)(6) STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally

cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If a court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III.   ANALYSIS

The SAC is 489 paragraphs long, totaling 67 pages. The TAC is 463 paragraphs long, totaling 64 pages. A few amendments have been made. However, the deficiencies have not been cured. Most of the amendments amount to rewording of the descriptions of alleged events or additions of legal conclusions. A painstaking, paragraph-by-paragraph comparison of the TAC to the SAC reveals the following amendments, separately enumerated here:[1]

**First Cause of Action for Breach of Contract**

1. Added paragraph 43: "During the 2004 discussions, Bitar told Plaintiff that as part of her compensation she would receive distribution payments based upon her 1% ownership interest in Full Tilt Poker when the company became profitable." (*Id.* ¶ 43). This addition does not cure the deficiency of when payment was to be made from Defendants to Plaintiff. It is simply a rewording of an alleged oral promise to pay Plaintiff an undetermined amount of money at some undetermined time. Nor does it indicate whether Plaintiff's "1% ownership interest" was to be in the form of a general partner, limited partner, shareholder, limited liability company member, etc. It is difficult to see how Plaintiff could have reasonably relied on so vague a prospect.

2. Added text to paragraph 44 (formerly 43): "In March 2004, Plaintiff informed Bitar that she accepted the terms of the Agreement, **and therefore Plaintiff became a 1% owner in Full Tilt Poker**." (*Id.* ¶ 44). This is a legal conclusion that does nothing to aid the sufficiency of the allegations.

3. Added paragraphs 45–47: [argumentation concerning the statute of frauds and enforceability].

4. Changed "compensation" in paragraph 78 of the SAC to "salary" in paragraph 80 of the TAC. (*Id.* ¶ 80).

---

[1] Omissions in the TAC of paragraphs present in the SAC, and parenthetical abbreviations added in the TAC, will not be mentioned.

5. Added paragraph 100: "Plaintiff was deprived of valuable business opportunities because she relied upon the representations made to her by the defendants that she owned 1% of Tiltware and Full Tilt Poker. In reliance on defendants' representations, Plaintiff passed up other business opportunities and suffered damages as a result." (*Id.* ¶ 100). This is an amplification of allegations of reliance that were already present in the SAC.

6. Text altered in paragraph 105 (formerly 102): "and 3) to compete and wear merchandise on behalf of Full Tilt Poker in the ~~May 2004 Poker Series~~ **World Series of Poker 2004 taking place at Binion's Horseshoe in Las Vegas, Nevada from April 22 through May 28, 2004**." (*Id.* ¶ 105).

7. Text altered in paragraph 110: "The Agreement's terms also included that at the time Plaintiff accepted ~~the Agreement~~ **Bitar's offer**, Plaintiff would ~~receive~~ **be *immediately compensated by receiving a*** ~~her~~ 1% ownership interest in Full Tilt Poker." (*Id.* ¶ 110). This transforms an allegation into a legal conclusion. As explained above, the "1% ownership interest" is still vague and undefined. "1% ownership interest" is a value lacking a defined unit of measurement. A one percent ownership in corporate stock is different from a one percent ownership in a general or limited partnership, for example. This is not cured by saying that the "1% ownership interest" equaled immediate compensation. Obviously it did not mean this. Plaintiff complains that she was in fact never compensated. The question the Court demanded that Plaintiff answer was when the compensation was to occur, not when the agreement to compensate Plaintiff was allegedly made. The alterations in the TAC simply reemphasize the latter with a conclusion that the agreement itself constituted immediate compensation, but without answering when compensation was to actually occur, or even the nature of the alleged ownership interest. After three amendments, it is clear at this juncture that there is no answer.

8. Added paragraph 111: "The Agreement's terms also included as part of Plaintiff's compensation, Plaintiff would receive distribution payments based upon her 1% ownership interest

1 in Full Tilt Poker when the company became profitable." (*Id.* ¶ 111). This addition alleges that some undetermined amount of payment was to be made whenever the company became profitable. But again, without an allegation of the nature of the "1% ownership interest," it is impossible to calculate how much such a distribution would be. The Court could perhaps infer that Defendants were offering Plaintiff a partnership, with an right to a 1% share of profits (and losses). There is an allegation of an agreement to carry on a business in concert to share profits. *See* Nev. Rev. Stat. § 87.060(1). As a general partner, Plaintiff would also be 1% liable for the losses of Full Tilt Poker, however, because limited partnerships in Nevada require a filing with the Secretary of State, which has not been alleged. *See* § 88.350. But nowhere in the allegations does Plaintiff allege, consistent with a general partnership, that the agreement made her liable for 1% of Full Tilt Poker's losses before it became profitable. Therefore, it is not plausible that a partnership, limited or general, was offered. Apart from a partnership agreement, a partnership can be created by conduct: the sharing of profits indicates a partnership, but the sharing of gross returns does not. *See* § 87.070(3)–(4). Here, there is no allegation of whether the "distribution payments based upon her 1% ownership interest" represented 1% of receipts, 1% of profits, or even some other amount.

9. Text altered in paragraph 117: "Bitar ~~and Wolf~~ also took **a** leadership role~~s~~ during the Meeting." (*Id.* ¶ 117).

10. Changed "compensation" in paragraph 125 of the SAC to "salary" in paragraph 128 of the TAC. (*Id.* ¶ 128).

11. Added paragraph 134: "At the time the Agreement was made, it was reasonably foreseeable that Plaintiff would forego other business opportunities and she is therefore entitled to recover damages for lost profits on other ventures due to Defendants' breach of the agreement." (*Id.* ¶ 134). This is a plea to recover a reliance measure of damages, as an alternative to an expectancy measure of damages, based on alleged breach of the Agreement.

**Second Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing**

12. Paragraphs 145–46 include the same changes represented by paragraphs 110–11.

13. Paragraph 170 is the same new paragraph as paragraph 134.

**Third Cause of Action for Intentional Misrepresentation**

14. Paragraphs 184–86 in the TAC are altered from their sister paragraphs, paragraphs 179–80 in the SAC: "During the 2004 Discussions, Bitar told Plaintiff that when she agreed to accept his offer, Plaintiff would **be immediately compensated by** receiv~~ing~~ ~~her~~ **a** 1% ownership interest in Full Tilt Poker. **During the 2004 Discussions, Bitar told Plaintiff that as part of her compensation she would receive distribution payments based upon her 1% ownership interest in Full Tilt Poker when the company became profitable.** In March 2004, Plaintiff informed Bitar that she accepted the terms of the Agreement **and became a 1% owner in Full Tilt Poker**." (*Id.* ¶¶ 184–86).

15. Paragraph 243 is the same new paragraph as paragraph 134.

**Fourth Cause of Action for Negligent Misrepresentation**

16. Paragraphs 259–61 include the same changes represented by paragraphs 184–86.

17. Paragraph 316 is the same new paragraph as paragraph 134.

**Fifth Cause of Action for Promissory Estoppel**

18. Paragraphs 329–30 include the same changes represented by paragraphs 110–11.

19. Paragraph 354 is the same new paragraph as paragraph 134.

**Sixth Cause of Action for Accounting**

(No changes.)

**Seventh Cause of Action for Specific Performance**

20. Paragraphs 378–79 include the same changes represented by paragraphs 110–11.

**Eighth Cause of Action for Unjust Enrichment and Quantum Meruit**

21. Paragraphs 411–12 include the same changes represented by paragraphs 110–11.

**Ninth Cause of Action for Right of Publicity**

(No changes.)

**Tenth Cause of Action for Fraudulent Conveyance/Transfer**

22. Paragraphs 488-89 of the SAC have been combined into a single paragraph in the TAC. (*Id.* ¶ 463).

**Prayer for Relief**

The TAC separates the SAC's prayer for "damages" into a prayer for "general damages" and "special damages." (#140-1 at 29).

The amendments do not cure the deficiencies in the SAC. The terms alleged are simply insufficient to form a contract, either traditionally or via promissory estoppel, and the alleged oral contract is barred by California's two-year statute of limitations. *See* Cal. Code Civ. P. § 339(1).

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (#142) is GRANTED.

DATED:   February 10, 2010

_____
Robert C. Jones
United States District Judge